# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MARVIN E. GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1008 (RBW)** |
| ) | |
| **DOD DEPENDENT SCHOOLS –EUROPE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## DEFENDANT'S MOTION TO DISMISS,
## OR IN THE ALTERNATIVE TO TRANSFER

Defendant hereby moves to dismiss Plaintiff's Complaint pursuant to Federal Rules of
Civil Procedure 8(a) and 12(b)(6)on the grounds that Plaintiff has failed to set forth a short and
plain statement of actionable claims upon which relief can be granted.  Defendant also moves to
dismiss this action pursuant to Rule 12(b)(3) for improper venue.  Alternatively, Defendant
moves to transfer this case to the Eastern District of Virginia, pursuant to 28 U.S.C. 1404.  In
support of this motion, Defendant respectfully submits the attached memorandum of points and
authorities and a proposed order.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C.  Bar #498610
United States Attorney


_____
RUDOLPH CONTRERAS D.C. Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 616-5309

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARVIN E. GREEN, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1008 (RBW)** |
| ) | |
| DOD DEPENDENT SCHOOLS –EUROPE, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE TO TRANSFER**

Defendant, Department of Defense Education Activity ("DoDEA") , Department of

Defense Dependents Schools, Europe ("DoDDS-E"), respectfully submits this memorandum in

support of its motion to dismiss pursuant to Rule 8(a), 12(b)(3) and 12(b)(6) of the Federal Rules

of Civil Procedure, or, alternatively to transfer this case to its most appropriate venue, the Eastern

District of Virginia.

**THE COMPLAINT**

Plaintiff has been employed by DoDDS-E in Italy from 1997 until the present.

(Declaration of Maxwell G. Selz "Selz Decl.").  He filed his Complaint in the instant action on

May 30, 2006, "in opposition to the Department of Defense Dependent Schools – Europe's

(DoDDS-E) ongoing execution of the Priority Placement Program."  (Complaint "Compl." at 1).[1]

However, the crux of Plaintiff's complaint appears to be allegations of discrimination lodged

---

[1]     Neither the paragraphs nor the pages of Plaintiff's complaint are numbered.
However, Defendant has consecutively numbered the pages of his seven page complaint for ease
of reference.

against his supervisor. Specifically, Plaintiff claims that his supervisor, David Harrison, "elected to continue a discriminatory reporting practice against the plaintiff- which was initiated by a previous supervisor." (Compl. at 3). According to Plaintiff, Mr. Harrison reported that Plaintiff's performance "need[ed] improvement," that he had been "slow to comply with time reporting," and that "letters of reprimand and suspension without pay were issued to [Plaintiff]." (Compl. at 3-4). Plaintiff does not assert that these statements are false or further describe the discrimination that he allegedly suffered. However, Plaintiff contends that Mr Harrison's "opinions" regarding his performance "irrevocably compromised" "Plaintiff's participation in the [Priority Placement Program] PPP." (Compl. at 6).

Finally, Plaintiff appears to allege that Mr. Harrison's monitoring of certain e-mail traffic is "proscribed by the aforementioned regulations and by the intent and spirit of the PPP program." (Compl. at 5; see Compl. at 2). Plaintiff, however, does not indicate that his e-mails were being monitored and admits that the PPP Operations Manual does not prohibit or even address such action. (Compl. at 4-5). Moreover, Plaintiff concedes that Mr. Harrison, "as Systems Administration Branch Chief has ultimate access and permissions authority for the IT infrastructure of DoDDS-E." (Compl. at 2). Plaintiff indicates that the harm caused by these asserted actions "is indeterminable without an investigation and adjudication as to the legality and/or propriety of surreptitious intra-departmental surveillance." (Compl. at 7).

## ARGUMENT

**I.    Plaintiff's Complaint Should be Dismissed Because It Fails to Comply with Rule 8(a)**

Plaintiff's Complaint is vague and confusing. He fails to set forth the statutory or other basis for his cause or causes of action or for this Court's jurisdiction. Plaintiff begins by

indicating that he is challenging the "ongoing execution of the Priority Placement Program,"

(Comp. at 1), but appears to actually complain of some "discriminatory reporting practice" by his

supervisor that he does not further explain, (Compl. at 3-4), and goes on to suggest, although he

admits that there is no basis for doing so, that this Court should "investigate and adjudicate" the

"legality and/or propriety of surreptitious intra-departmental surveillance." (Compl. at 5, 7).

Finally, Plaintiff fails to articulate why he is entitled to relief and how the relief he is seeking,

namely, the production of his "mobility agreement," (Compl. at 7), is related to and will remedy

his claims.[2]  Defendant thus is left to speculate about what claims are actually before the Court,

whether those claims are being raised pursuant to Title VII, or on some other basis, and what

constitutes and is the extent of Plaintiff's asserted injury.

> Under the Federal Rules, the principal function of the Complaint is to give the defendant

fair notice of the claims asserted so that the defendant can make an adequate response, either by

answer or dispositive motion.  Here, the Complaint fails to meet even these minimum

requirements.

Rule 8(a), Fed. R. Civ. P., states that a claim:

> [S]hall contain (1) a short and plain statement of the grounds upon which the
> court's jurisdiction depends, unless the court already has jurisdiction and the
> claim needs no new grounds of jurisdiction to support it, (2) a short and plain
> statement of the claim showing that the pleader is entitled to relief, and (3) a
> demand for judgment for the relief the pleader seeks.

Id.  Similarly, Rule 10(b), Fed. R. Civ. P., requires that:

> All averments of claim or defense shall be made in numbered paragraphs, the
> contents of each of which shall be limited as far as practicable to a statement of a
> single set of circumstances; and a paragraph may be referred to by number in all

---

[2]    Plaintiff also appears to be requesting that an agency official investigate his claims
and "update" the PPP regulations.  (Compl. at 7).

succeeding pleadings.  Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Id.

"The purpose of [Rule 8(a)] is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." Brown v. Califano, 75 F.R.D. 497, 498 (D.D.C. 1977) (citing 2A Moore, Federal Practice ¶ 8.13; 5 Wright & Miller, Federal Practice and Procedure, § 1217).  "Beyond this, the rule serves to sharpen the issues to be litigated . . . ." Brown, 75 F.R.D. at 498 (dismissing pro se plaintiff's complaint because it failed to reasonably inform the adverse party of the cause of action).  Because Plaintiff's Complaint has failed to comply with the Rules, it should be dismissed.

## II.    Plaintiff's Complaint Should be Dismissed Because It Fails to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the "[p]laintiff[] can prove no set of facts in support of [his] claim which would entitle [him] to relief." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994) (citing Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  The court must resolve all factual doubts in favor of the plaintiff and allow the plaintiff the benefit of all inferences. *See* EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997).

In reviewing a motion to dismiss, the complaint's factual allegations must be presumed true and all reasonable inferences drawn in the plaintiff's favor. Kowal, 16 F.3d at 1276. However, the court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint. Id..  Further, the court is not required to accept as correct the conclusions the plaintiff would draw from such facts. Taylor v. Federal Deposit

4

Insurance Corp., 132 F.3d 753, 762 (D.C. Cir. 1997); National Treasury Employees Union v.

United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996).  Nor must a court "accept legal conclusions

cast in the form of factual allegations."  Kowal, 16 F.3d at 1276; see also Papasan v. Allain, 478

U.S. 265, 286 (1986).

　　　While Plaintiff's claims are far from clear, Defendant construes them to be the following:

that his supervisor reported Plaintiff's poor performance and disciplinary actions, and that this

reporting somehow compromised Plaintiff's participation in the PPP, and that his supervisor was

monitoring certain e-mail traffic, and, while nothing in the Operations Manual precludes this

monitoring, Plaintiff contends that it violates "the intent and spirit of the PPP."  (Compl. at 5).

Plaintiff asserts that his supervisor's reporting was "discriminatory," however, he fails to claim

membership in a protected class or to define the nature and basis for the discrimination.  Indeed,

Plaintiff does not even aver that his supervisor's purported statements were false or inaccurate in

any way.

　　　Moreover, to the extent that Plaintiff is alleging employment discrimination, he fails to

set forth facts evidencing proper exhaustion of his administrative remedies.  In the context of

federal discrimination claims, administrative "exhaustion" requires the plaintiff to file a timely

administrative charge.  Kizas v. Webster, 707 F.2d 524, 543 (D.C. Cir. 1983) (Title VII); Tyler v.

United States Postal Service, 2001 U.S. Dist. LEXIS 2110, at *8 (D.D.C. Feb. 22, 2001)

(ADEA).  "Exhaustion is required in order to give federal agencies an opportunity to handle

matters internally whenever possible and to ensure that the federal courts are burdened only when

reasonably necessary."  Brown v. Marsh, 777 F.2d 8, 14 (D.C. Cir. 1985).  See, e.g., Delaware

State College v. Ricks, 449 U.S. 250, 256-57 (1980) (stating that the Title VII administrative

filing requirement protects employers from the burden of defending claims that arise from decisions that were made long ago). <u>Tyler</u>, 2001 U.S. Dist LEXIS 2110, *8-9.  Compliance with the above-mentioned procedures is mandatory.  The Supreme Court has emphasized that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S.101, 110 (2002).

Plaintiff's Complaint fails to indicate, and Defendant has located no evidence to support, that he timely sought Equal Employment Opportunity ("EEO") counseling in regard to his allegations that his supervisor discriminated against him by reporting his poor performance and disciplinary actions.  Accordingly, this claim should be dismissed.

Also, Plaintiff fails to allege any injury suffered by him as a result of Mr. Harrison's alleged monitoring of "HRO personnel's computers or their e-mails."  (Compl. at 2).  Moreover, he concedes that no regulation prohibits such monitoring and that "David Harrison, as Systems Administration Branch Chief has ultimate access and permissions authority for the IT infrastructure of DoDDS-E."  (Compl. at 2).  Thus, this claim should also be dismissed because Plaintiff fails to articulate any improper or illegal agency action or any injury flowing to him therefrom.

## III.    Plaintiff's Complaint Should be Dismissed for Improper Venue

The insufficiency of Plaintiff's Complaint makes it difficult to determine under which statute the Court should consider venue.  However, under either of the possible provisions, the District of Columbia is not the proper and most appropriate venue.

Employment discrimination claims such as Plaintiff appears to be asserting are governed

6

by special venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3).  See In re: Horseshoe

Entertainment, 337 F.3d 429, 432-433 (5th Cir. 2003).  This statute provides that claims may be

brought: (1) where the unlawful acts are alleged to have been committed; (2) where the plaintiff

would have worked but for the unlawful act; or (3) where employment records related to the

proscribed conduct are maintained.  42 U.S.C. § 2000e-5(f)(3).  Only if the defendant is not

subject to suit in a district satisfying one of these three criteria may the action be brought in the

judicial district in which the defendant has its principal office.  Id.

At all times relevant to the Complaint, Plaintiff was employed by DoDDS-E in Italy.

(Selz Decl.).  DoDEA, of which DoDDS-E is a part, is headquartered in Arlington, Virginia, and

houses Plaintiff's personnel records.  (Id.).  To the extent that Plaintiff alleges that the effects of

personnel actions taken against him impacted his participation in and decisions of the PPP, that

program is administered by the DoD Civilian Personnel Management Service, which is located in

Rosslyn, Virginia.  (Id.).  Thus, any alleged discriminatory acts taken against Plaintiff and

decisions and effects flowing therefrom took place either in Italy or in the Eastern District of

Virginia.  See Robinson v. Potter, 2005 WL 1151429 at *3 (D.D.C. May 16, 2005) ("venue

cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment

practices challenged in this action' took place outside the District even when actions taken in the

District 'may have had an impact on the plaintiff's situation.").  Moreover, all files essential to

the prosecution and defense of this litigation are maintained  in the Eastern District of Virginia.

(Selz Decl.).

Plaintiff does not allege that he ever worked or was discriminated against by Defendant in

the District of Columbia or that his employment records are located here.  Thus, the District of

Columbia does not satisfy the special venue provisions applicable to employment discrimination

cases.

The Eastern District of Virginia is able to exert jurisdiction over Defendant, and Defendant is amenable to suit there.  Therefore, Plaintiff cannot avail himself of the "principal office" provision of 42 U.S.C. § 2000e-5(f)(3).  However, even if this provision were applicable to the case at bar, venue would lie not in the District of Columbia, but in the Eastern District of Virginia.  (Selz Decl.).

To the extent that Plaintiff is claiming something other than employment discrimination, the standard for determining venue in a civil action in which an officer of a United States agency or a United States agency is a defendant is the general venue statute, 28 U.S.C. § 1391(e). Section 1391(e) provides for venue where a defendant to the action resides, where a substantial part of the alleged events giving rise to the claim occurred, or where the plaintiff resides.  28 U.S.C. § 1391(e).  Agencies of the United States may have more than one residence for purposes of 28 U.S.C. 1391(e)(1) where the agency performs a "significant amount" of official duties in more than one jurisdiction.  Smith v. Dalton, 927 F.Supp. 1, 6 (D.D.C. 1996) (citing Bartman v. Cheney, 827 F.Supp. 1, 2 (D.D.C. 1993)).

In reviewing venue objections pursuant to Section 1391(e), this Court applies a "preponderance of the contacts" test.  Thornwell v. United States, 471 F.Supp. 344, 357 (D.D.C. 1979) (applying test established by the Circuit for § 1391(b) to § 1391(e) and § 1402(b)).  See Lamont v. Haig, 590 F.2d 1124, 1132 (D.C. Cir. 1978).  Thus, venue should be accepted "if the activities that transpired in the forum district were not insubstantial in relation to the totality of the events giving rise to plaintiff's grievance."  Lamont, 590 F.2d at 1134 n.62.  However, venue is only proper in the District of Columbia "'if sufficient activity giving rise to the plaintiff's cause of action' occurred here."  El-Bey v. United States, 2004 WL 2418306 at *2 (D.D.C.

September 28, 2004) (quoting Franz v. United States, 591 F.Supp. 374, 378 (D.D.C. 1984)). The Court should evaluate the events having "operative significance" in the case, and make a "commonsense appraisal of the implications of those events for the accessibility to witnesses and records." Lamont, 590 F.2d at 1134. See Mundy v. Weinberger, 554 F.Supp. 811, 817-18 (D.D.C. 1982).

Applying these principals to the facts in this case, it is clear that venue is improper in the District of Columbia. The Defendant in this case, DoDEA, DoDDS-E resides in the Eastern District of Virginia. (Selz Decl.). The DoD Civilian Personnel Management Service, which administers the PPP, with which Plaintiff is concerned, also resides in the Eastern District of Virginia. (Id.). Plaintiff resides in Italy. (Id) All relevant actions and decisions concerning Plaintiff and the statements in his Complaint were taken either in Italy or in Virginia. (See id.; Compl.). Indeed, Plaintiff has not pointed to a single event, decision, or action that took place in the District of Columbia or had ramifications here such that "the activities in the forum district were not insubstantial in relation to the totality of events giving rise to the plaintiff's grievance . . ." Lamont, 590 F.2d at 1134 n.62. Compare Mundy, 554 F.Supp. at 817-18 (venue was proper in District of Columbia for case against DoD Secretary where plaintiff worked in District of Columbia, and DOD decisions made in Virginia affected only plaintiff in the District of Columbia: "plaintiff's grievance and the acts that gave rise to it are inextricably bound up with the District of Columbia").

Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the Eastern District of Virginia. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to Court's

discretion).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss

Plaintiff's Complaint, or in the alternative transfer it to the Eastern District of Virginia.


Respectfully submitted,


_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney



_____
RUDOLPH CONTRERAS D.C. Bar #434122
Assistant United States Attorney



_____
KATHLEEN KONOPKA, D.C. Bar #495257
Assistant U.S.  Attorney
555 Fourth Street, N.W.,
Washington, D.C.  20530
(202) 616-5309

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MARVIN E. GREEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1008 (RBW)** |
| ) | |
| **DOD DEPENDENT SCHOOLS –EUROPE,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

**ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss, or in the

Alternative, to Transfer.  Based upon the motion, any opposition thereto, any reply, and the entire

record herein, it is this ____ day of _____, 2006 hereby

ORDERED that Defendant's motion is GRANTED, and it is further

ORDERED that Plaintiff's Complaint is hereby DISMISSED.

This is a final, appealable order.

SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE