Marvin Green
220 PINCKNEY ST APT B
SAN ANTONIO TX 78209-6904
marvin.e.green@us.army.mil
C 210-389-6231, H 210-824-0959

In The

## District Court of the United States – District of Columbia

|  |  |  |
|---|---|---|
|  | ) | Case No. <u>06-1008 RBW</u> |
|  | ) |  |
| Marvin Green, | ) | MOTION OPPOSING DISMISSAL, |
| Plaintiff, | ) | VENUE CHANGE AND FOR |
| v. | ) | CONTINUANCE PENDING |
|  | ) | RESOLUTION OF PLAINTIFF'S |
| DoDDS-E, | ) | REQUEST FOR A TRO IN CASE 06- |
| Defendant. | ) | 1434 |
|  | ) |  |
| _____ | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) | Date: December 17, 2006 |
|  | ) |  |

### I. INTRODUCTION

Plaintiff has filed 06-1008RBW, 06-1009RBW, 06-1141RBW and then 06-1434RBW. These cases form a sequence of related events where Plaintiff has been forced to reactively focus on various capricious enforcements directed at Plaintiff.

In this case, 06-1008, Plaintiff is asserting that agency misconduct and selective application of rules within the context of on-going discrimination, (first directed at Plaintiff's wife and supervisor, and subsequently at Plaintiff on the foundation or basis of discrimination and discrimination by

association), have led to a situation where this case with its microscopic contention of PPP rules is possibly the least murky in terms of the exact violations; while Plaintiff regretfully acknowledges Defendant Council's contention that Plaintiff remains obscure as to the issues of discrimination and remedies. Plaintiff, no longer working for DoDDS-E, is now free of the coercion preventing Plaintiff's full accounting of the associated issue of discrimination and Plaintiff intends to contend the discrimination aspect of these related cases more fully in 06-1009. Remedies, however, are difficult to assess until such time as the harm being done is ended. Plaintiff contends that both the Navy and DoDDS-E coordinated one with the other and have based their entire defense around a Joint Travel Regulation requiring spousal movement and the associated reluctance of Plaintiff and Plaintiff's family to cooperate. Until the court grants Plaintiff's request for a Temporary Restraining Order lifting the barment of Plaintiff's dependents from NAS Sigonella – the damage and harm being done continues to accumulate – preventing a mother from properly caring for her epileptic son, denying my son his mother's participation in his final year of secondary school after she spent four years home schooling him in preparation for this year. Captain Stuyvesant continues to demonstrate how to selectively apply the SOFA agreement, Italian laws and American laws in such a way as to punish American citizens that are not otherwise available for more stringent military code violations.

At the courts discretion, discrimination can be contended in related case 06-1009, while Plaintiff believes that this case might survive entirely on the basis of agency misconduct and misapplication of PPP rules upon plaintiff and other Information Technology workers.

What follows is Plaintiff's latest and best example of DoDDS-E's failure to follow DoD rules regarding security clearances in the administration of the PPP program.

## II. STATEMENT OF FACTS

On Dec 1, 2005, Plaintiff flew Washington D.C. for a Dec 2 interview for a Foreign Service Specialist position at the Dept. of State over on SW 3rd and E. Plaintiff scouted the interview location, meandered past the Capitol (noticing with amusement all the "tourists" who were young men with short haircuts "wandering" in tight circles) coming to the Supreme Court where Plaintiff took the tour, read the fine words in the Lobby and then passed through the book store where Plaintiff bought the Barron's Law Dictionary that Plaintiff just used to make sure that "continuance" was the appropriate word for this motion. Finally, Plaintiff walked down NE E Street and past this court's building, speculating the while on the quality of relief that might be available here as opposed the type of relief DoDDS-E was administering to Plaintiff in Europe.

On August 28, 2006 Plaintiff received confirmation that Plaintiff had submitted final documentation for a State Dept. Security Clearance.

On or about Sept 2006 one of Plaintiff's security clearance references was called for an over the phone interview where they were asked "whether he [Plaintiff] has filed any lawsuits".

On Nov 27-30, 2006, Plaintiff attempted to appraise the State Dept. of Plaintiff's new location and contact information; there has been no response or interest in this information as yet.

The Dept of State has apparently completed Plaintiff's security clearance but will neither confirm nor deny this. Plaintiff requires interagency cooperation in transferring Plaintiff's completed security clearance review to Plaintiff's new employers at the Army. Plaintiff's previous employer, DoDDS-E, was responsible, according to the PPP manual, for making sure employees who required clearances for their new positions had them as a pre-condition of accepting their new position should it require a security clearance as a condition of employment.

### III. ARGUMENTS

Jeff Sutton was the Information Assurance Chief during these events and for the past approximately 2-3 years. He was the subject expert for the correct application of the rules regarding security clearances. His failure to ensure that the rules regarding security clearances were properly applied to Plaintiff has resulted in harm to Plaintiff's career. The harms done are:

1). The career specialty that Plaintiff chose and undertook 2 years of on the job training for, (namely, Systems Administration); the career choice that

Lenny Dobson interviewed me for in Oct 2003; part of the basis for my acceptance of working 2 more years in Naples separated from my family – has been changed by use of the PPP program upon me; as I am now in the Customer Support specialty.

    2). Near as I've been able to determine, my current position is in Customer Support but because it involves confidential medical information it would seem to require a security clearance as well as had I been placed in a Systems Administration specialist job. So the harm is that, in addition to having my specialty downgraded to the catch all for 2210 dummies, I may still be subject to undesirable personnel actions for my failure to have completed a security clearance investigation. Had the rules been properly applied I would still be in Naples or Sigonella awaiting the completion of my security clearance or being assured that I did not require one for my current position. The harm is both potential and actual. It is actual in this aspect: I have been denied remaining familial contact for my son's final year of school by agency failure to exactly apply security clearance rules. The court should recall in case 06 – 1141 where plaintiff declined solicitation for a 1 year renewal – trusting in the assertions of Jeff Sutton and Lenny Dobson that the agency in its execution of the PPP program would wait for security clearance adjudication for all System Administrators.

## IV. CONCLUSION

Change of venue is opposed in that Plaintiff has demonstrated that matters involve DoD and DoS and the security clearance procedures common to both. Change of venue is additionally opposed in that Dr. Gloria Gladden in Europe was the chief decision maker and the Virginia "headquarters" staff simply executed her decisions. Change of venue is additionally opposed in that Captain Stuyvesant in related case 06-1434 is using Italian work permit law in conjunction with U.S. JTR laws to prevent my wife from driving, working and taking care of my son. Dismissal is opposed for the same reasons. Plaintiff requests a continuance of this case until March 15 2007 or the TRO matter in case 06-1434 can be adjudicated.

Date: December 17, 2006

/s/ Marvin E. Green