## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MARVIN E. GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1008 (RBW) |
| ) | |
| DOD DEPENDENT SCHOOLS-EUROPE, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
## MOTION TO DISMISS OR IN THE ALTERNATIVE TO TRANSFER

Defendant respectfully submits this reply to Plaintiff's opposition and in further support of Defendant's motion to dismiss or in the alternative, motion to transfer this matter to the Eastern District of Virginia.

## INTRODUCTION

Plaintiff initiated this action on May 30, 2006, making vague and confusing allegations related to the "ongoing execution of the Priority Placement Program (PPP)." Docket Entry 1 at 1. Among other things, Plaintiff appeared to allege that his supervisor's reporting of his poor performance and disciplinary actions compromised his participation in the PPP program and that his supervisor's monitoring of his e-mail traffic violated the "intent and spirit of the PPP program." Id. at 1-2. Plaintiff's complaint, however, did not set forth the statutory or other basis for his cause or causes of action or for this Court's jurisdiction.

Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) on the grounds that Plaintiff failed to set forth a short and plain statement of actionable claims upon which relief can be granted. Docket Entry 9. Defendant also moved to dismiss for

improper venue pursuant to Rule 12(b)(3). <u>Id</u>.

On December 17, 2006, Plaintiff opposed Defendant's motion. <u>Docket Entry 13</u>. In his response, Plaintiff generally failed to address, let alone dispute, many of the factual assertions and arguments set forth in the Defendant's motion to dismiss. For example, Plaintiff's response did not elaborate upon his allegations of improper reporting or monitoring by his supervisor. Instead, Plaintiff complained for the first time of "failure to follow DoD rules regarding security clearance rules in the administration of the PPP program." <u>Id</u>. at 3. Moreover, Plaintiff did not refute the Defendant's assertion that he failed to exhaust his administrative remedies regarding any claims of employment discrimination. Finally, though Plaintiff opposed the motion to transfer, he set forth no cognizable basis for venue in this Court.

**ARGUMENT**

Plaintiff's response further demonstrates that dismissal of this complaint for the reasons set forth in the Defendant's motion to dismiss is proper. Rather than shed light on the nature of his claims, Plaintiff's response only serves to further muddy the waters. For example, Plaintiff continues to allege some vague improprieties regarding "misapplication of PPP rules," yet he fails to provide any coherent explanation for his claims. <u>Docket Entry 13</u>, pg 3. Plaintiff purports to give an example of such "misapplication," complaining for the first time of the Defendant's failure to follow certain security clearance rules. <u>Id</u>. However, he fails to articulate the security clearance rules that were purportedly not followed and how the Defendant specifically failed to follow such rules. Instead, he complains mostly of actions or omissions by the State Department (e.g. "Plaintiff attempted to appraise the State Dept. of Plaintiff's new location and contact information; there has been no response or interest in this information as

2

yet" and "[t]he Dept of State has apparently completed Plaintiff's security clearance but will neither confirm nor deny this"). Id. at 3-4.

Even assuming arguendo that Defendant was guilty of some procedural violation related to the PPP, Plaintiff does not explain how such alleged conduct confers jurisdiction upon this Court. In his complaint, Plaintiff alleged a "*discriminatory* reporting practice," thus hinting at a possible employment discrimination claim. Docket Entry 1 at 3 (emphasis added). In his response, Plaintiff further alleges "agency misconduct and selective application of rules *within the context of on-going discrimination...*" Docket Entry 13 at 1 (emphasis added). However, he then appears to indicate that he is abandoning any employment discrimination claims in this complaint and will instead raise them in another complaint he has before this Court. Docket Entry 13 at 2-3 ("... discrimination can be contended in related case 06-1009, while Plaintiff believes this case might survive entirely on the basis of agency misconduct and misapplication of PPP rules...). Assuming that to be the case, Plaintiff does not set forth any other basis for the Court's jurisdiction over his claims. If however, Plaintiff does still intend to raise employment discrimination claims in this complaint, it bears noting that he did not dispute, or even address, the Defendant's contention that he has failed to set forth any facts evidencing the proper exhaustion of his administrative remedies. See Brown v. General Services Admin., 425 U.S. 820, 832-33 (1976) (a federal employee alleging employment discrimination under Title VII must timely file an administrative claim with the employing agency and exhaust his administrative remedies before filing a civil action in District Court); see also Jarrell v. U.S. Postal Service, 753 F.2d 1088, 1091 (D.C. Cir 1985) (a timely administrative charge is a prerequisite to initiation of a Title VII action in District Court) and Cones v. Shalala, 945 F.Supp.

342, 348 (D.D.C. 1996) (failure to pursue administrative claims bars subsequent federal court action).

Plaintiff's allegations are so vague and confusing that they do not give fair notice of his purported claims and thus preclude the Defendant from being able to fashion an adequate response. For these reasons and the reasons set forth in the Defendant's motion to dismiss, the Plaintiff's complaint should be dismissed pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6).

This Court should also dismiss this complaint for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. §1406(a). Notably, Plaintiff does not dispute any of the following contentions raised by the Defendant: (1) that at all times relevant to this complaint, Plaintiff was employed by DoDDS-E in Italy; (2) that DoDEA, of which DoDDS-E is a part, is headquartered in Arlington, Virginia, and houses Plaintiff's personnel records; (3) that the PPP program is administered by the DoD Civilian Personnel Management Service, which is located in Rosslyn, Virginia; and (4) that all relevant actions and decisions concerning Plaintiff were taken either in Italy or in Virginia.[1] Docket Entry 9 at 7-9.

Instead, Plaintiff sets forth three reasons in opposition to a change in venue: (1) that he has demonstrated that matters involve DoD and DoS and the security clearance procedures common to both; (2) that Dr. Gloria Gladden in Europe was the chief decision maker and the Virginia "headquarters" staff simply executed her decisions; and (3) that Captain Stuyvesant is using Italian work permit law in conjunction with U.S. JTR laws to prevent his wife from driving, working and taking care of his son. Docket Entry 13 at 6. Though these assertions are

---

[1] As reflected in his response to the Defendant's motion to dismiss, Plaintiff appears to currently reside in San Antonio, Texas. Docket Entry 13 at 1.

4

not entirely clear, they do not support the Plaintiff's claim to venue in this judicial district. By Plaintiff's own admission, the "chief decision maker" in some matters related to his complaint, Dr. Gloria Gladden, was located in Europe and the "'headquarters' staff" that executed her decisions was located in Virginia. Regarding the security clearance procedures and Captain Stuyvesant's alleged conduct in preventing his wife from driving, working, and caring for his son, Plaintiff does not allege that any of these matters occurred in or in any way involved the District of Columbia.

Whether this complaint is governed by the special venue provisions related to employment discrimination claims, 42 U.S.C. § 2000e-5(f)(3), or the general venue statute, 28 § U.S.C. 1391(e), Plaintiff has pointed to no facts or circumstances that indicates that venue is proper in the District of Columbia. Accordingly, the Court should dismiss this case for improper venue. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). Alternatively, in the interest of justice, the Court may transfer it to the Eastern District of Virginia. 28 U.S.C. § 1406(a). See Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (the decision whether to transfer or dismiss is entrusted to the Court's discretion).

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's complaint, or in the alternative, transfer it to the Eastern District of Virginia.

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

5

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

QUAN K. LUONG
Special Assistant United States Attorney
555 Fourth Street, N.W., Room E-4417
Washington, D.C. 20530
(202) 514-9150

6