UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
MARVIN E. GREEN                  )
                                 )
    Plaintiff,                   )
                                 )
    v.                           )    Civil Action No. 06-1008 (RBW)
                                 )
DOD DEPENDENT SCHOOLS - EUROPE,  )
                                 )
    Defendant.                   )
_____)

## MEMORANDUM OPINION

On May 30, 2006, the plaintiff, proceeding pro se, filed his Complaint in this action, which challenges "the Department of Defense Dependent Schools - Europe's (DoDDS-E) [,] ongoing execution of the Priority Placement Program (PPP)."[1] Complaint ("Compl.") at 1.[2] The plaintiff also appears to allege that he has been the victim of discrimination by his supervisor. See Compl at 3-4. Specifically, the plaintiff claims that his supervisor, David Harrison, "elected to continue a discriminatory reporting practice against the plaintiff-which was initiated by a previous supervisor." Compl. at 3. According to the plaintiff, Mr. Harrison reported that the plaintiff's performance "need[ed] improvement," that he had been "slow to comply with time reporting," and that "letters of reprimand and suspension without pay were issued to [the plaintiff]." Id. at 3-4. The plaintiff also appears to challenge the defendant's purported

---

[1] The defendant is the Department of Defense Dependent Schools, Europe ("DoDDS-E"). The Department of Defense Education Activity located in Arlington ("DoDEA"), Virginia, is a civilian agency of the United States Department of Defense that oversees all schools on military bases. Defendant's Motion To Dismiss, or in the Alternative to Transfer ("Def.'s Mot."), Ex. 1 (Declaration of Maxwell Selz). The DoDDS-E, located in Europe, is a school operated by the DoDEA. Id.

[2] Because neither the paragraphs nor the pages of the plaintiff's complaint are numbered, the Court has sequentially numbered the pages of his seven page complaint for ease of reference.

"surreptitious electronic monitoring" of him on the grounds that such conduct is "proscribed by . . . regulations and by the intent and spirit of the [Priority Placement Program] . . . ." Compl. at 5.

Currently before this Court is the defendant's motion to dismiss, filed on October 16, 2006, pursuant to Federal Rules of Civil Procedure 8(a) (pleading requirements for claims for relief) and 12(b)(6) (failure to state a claim upon which relief may be granted).[3]  Defendant's Motion To Dismiss, or in the Alternative to Transfer ("Def.'s Mot.").[4]  For the reasons set forth below, the defendant's motion must be granted.

## I. Standards of Review

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1964 (2007) (citation omitted); see also id. at 1965 n. 3 ("Without some factual allegation in the complaint, it is hard to see how a [plaintiff] could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the

---

[3] The defendant also moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) (improper venue).  However, due to the resolution of the defendant's Rules 8(a) and 12(b)(6) arguments, the Court need not address this alternative ground for dismissal.  Further, the Court notes that because the claims asserted in the plaintiff's complaint are legally baseless, there is no need to determine whether this matter should be transferred pursuant to Federal Rule of Civil Procedure 12(b)(3) to the district where it should have been brought–the Eastern District of Virginia–as that Court would be confronted with the same dismissal motion now before this Court, which it would have to grant.  See Davis v. Am. Soc'y of Civil Eng'rs, 290 F. Supp. 2d 116, 120 (D.D.C. 2003).

[4] The following materials have been submitted in connection with this motion: (1) Defendant's Memorandum and Authorities in Support of Defendant's Motion to Dismiss, or in the Alternative to Transfer ("Def.'s Mem."); (2) Plaintiff's Opposition to the Defendant's Motion to Dismiss (" Pl.'s Opp'n.") and (3) Defendant's Reply to Plaintiff's Opposition to Motion to Dismiss ("Def.'s Reply").

claim rests.") (citation omitted); Sparrow v. United Air Lines, Inc., 216 F.3d 1118 (D.C. Cir. 2000) ("Under Rule 8, all that is required is that 'the complaint give [ ] the defendant . . . fair notice of each claim and its basis.'" (citation omitted)).

When evaluating a motion to dismiss for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6), the Court "must treat the complaint's factual allegations as true [and] must grant plaintiff the benefit of all reasonable inferences from the facts alleged." Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation marks and citations omitted) (alteration in original).  However, the Court "need not . . . accept inferences that are unsupported by the facts set forth in the complaint . . . [or] legal conclusions cast in the form of factual allegations." Islamic Am. Relief Agency v. Gonzales, 477 F.3d 728, 732 (D.C. Cir. 2007) (citations omitted).  The Court may only consider the facts alleged in the complaint, any documents attached to the complaint as exhibits, and matters about which the Court may take judicial notice in addressing a Rule 12(b)(6) motion.  EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997) (footnote and citation omitted).  A Rule 12(b)(6) motion should be granted if the plaintiff does not provide "enough facts to state a claim of relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)).

### I. Legal Analysis

The defendant asserts that the plaintiff's Complaint should be dismissed because it is "vague and confusing." Def. Mem. at 2.  The defendant further asserts that since the plaintiff's "Complaint fails to meet even [the] minimum requirements" for pleading claims, id. at 3, "[it] . . . is left to speculate about what claims are actually before the Court, whether those claims are

being raised pursuant to Title VII, or on some other basis, and what constitutes and is the extent of [the] plaintiff's asserted injury," id.   Thus, the defendant requests that the Court dismiss the plaintiff's Complaint under Rule 12(b)(6) because , to the extent the Court construes the plaintiff as alleging an employment discrimination claim, he (1) "fails to claim membership in a protected class or to define the nature and basis for the [alleged] discrimination," id. at 5; (2) "fails to set forth facts evidencing proper exhaustion of his administrative remedies," id.; and (3) "fails to allege any injury suffered by him as a result of Mr. Harrison's alleged monitoring of 'HRO personnel's computers or their e-mails,'" id. at 6.  In his opposition, the plaintiff fails to address directly the assertions and arguments advanced in the defendant's motion to dismiss, but rather attempts to provide the Court additional facts about the situation.  See Pl.'s Opp'n.

The Supreme Court instructed in Haines v. Kerner, 404 U.S. 519, 520 (1972) that the complaint of a pro se plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers." Richardson v. United States 193 F.3d 545, 548 (D.C. Cir. 1999) (holding that "[c]ourts must construe pro se filings liberally"); see also Haines, 404 U.S. at 520.  Despite this required leniency, a pro se plaintiff's Complaint "must at least meet a minimal standard" of what pleadings must entail.  Price v. Phoenix Home Life Ins. Co., 44 F. Supp. 2d 28, 31 (D.D.C. 1999) (citing Wilson v. Civil Town of Clayton, 839 F.2d 375, 378-79 (7th Cir.1988)).

Here, the plaintiff has failed to set forth in his Complaint the actual claims that are being alleged against the defendant, the statutory basis for his claims or other authority upon which his claims are grounded.  Initially, the plaintiff indicates in his Complaint that he is challenging "the ongoing execution of the Priority Placement Program . . . ." Compl. at 1.  Thereafter, the plaintiff appears to challenge his supervisor's alleged "discriminatory reporting practice against the

plaintiff", id. at 3, and his supervisor's "monitoring of, ordering another to monitor and/or knowledge of the results of monitoring" as proscribed by the Priority Placement Program manual.[5]  Id. at 3, 5.  Finally, the plaintiff requests that the Court compel the defendant "to produce [the] plaintiff's mobility agreement."  Compl. at 7.  And, he requests that the Court notify "CARE Program Coordinator, Dayton" and "mandate [him] to: (a) [i]nvestigate [the] [p]laintiff's complaint to determine harm done to [the] plaintiff, [the] [p]laintiff's HRO representative and the PPP program by [the] defendant[;] (b) [u]pdate the PPP regulations (manual) to take into account the possibility of surreptitious surveillance and the resultant potential for harm to the PPP program and its participants[; and] (c) prevent further harm to [the] plaintiff in regards to the execution of the PPP program."  Compl. at 7.  What the plaintiff sets forth in his Complaint totally fails to comply with the pleading requirements of Rule 8(a).  Fed. R. Civ. P. 8(a) (requiring a party seeking relief to set forth in the party's pleading "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks").  And while the Circuit Court has held that all Rule

---

[5] The plaintiff's opposition also does little in providing guidance as to the claims being asserted by the plaintiff.  What his opposition does is provide examples of the "DODDS-E's failure to follow DoD rules regarding security rules in the administration of the PPP program."  Pl.'s Opp'n. at 3.  And, although the plaintiff recognizes that his complaint is vague and confusing, see id. at 2 (" [the] Plaintiff regretfully acknowledges Defendant Council's [sic] contention that [the] Plaintiff remains obscure as to the issues of discrimination and remedies"), he clearly indicates that discrimination is not the intended focus of the Complaint in this case because he "intends to contend the discrimination aspect of these related cases more fully in 06-1009," id., which has already been dismissed.  See Marvin Green v. DODDS-E, Civ. No. 06-1009 (D.D.C. filed May 30, 2006).  Further, the plaintiff states that he "believes that this case might survive entirely on the basis of agency misconduct and misapplication of PPP rules upon [the] plaintiff and other Information Technology workers."  Id. at 3.  Thus, it would appear that the plaintiff is making some unintelligible claim against the DoDDS-E related to the manner in which it has administered the Priority Placement Program, unrelated to a claim of discrimination.

8(a) requires is "that the complaint give the defendant[] fair notice of each claim and its basis," Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1118 (D.C. Cir. 2000) (internal quotation marks and citations omitted), that has not been done. Thus, having failed to do what Rule 8(a) requires, and having failed to a state claim upon which relief can be granted, the defendant's motion to dismiss must be granted.[6]

### III. Conclusion

Based on the foregoing analysis, the defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6) must be **GRANTED**.[7]

**SO ORDERED**.

/s/_____
Reggie B. Walton
United States District Judge

---

[6] The Complaint also fails to identify the alleged misconduct and how it has injured the plaintiff. Further, even if the Court could conclude that the plaintiff is asserting in this case an employment discrimination claim, despite what he states to the contrary in his opposition, see supra at 5 n. 5, the Court would be unable to conclude that it can entertain such a claim because the plaintiff has failed to allege that he has exhausted all administrative remedies available to him, as it is well settled that federal employees must exhaust their administrative remedies prior to bringing suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16. See, e.g., Brown v. General Serv. Admin., 425 U.S. 820, 832-33 (1976) (prior to filing a civil action in a federal district court to review his claim of employment discrimination, a plaintiff must first seek relief in the agency that allegedly discriminated against him); Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir.1997) (complainants must timely exhaust administrative remedies before bringing their claims to court.); Bayer v. U.S. Dep't of Treasury, 956 F.2d 330, 332 (D.C. Cir.1992) ("Prior to instituting a court action under Title VII, a plaintiff alleging discrimination in federal employment must proceed before the agency charged with discrimination. This administrative remedies exhaustion requirement is mandatory." (internal citations omitted)); Nichols v. Truscott, 424 F.Supp.2d 124, 133 (D.D.C.,2006) ("federal employees must exhaust their administrative remedies before filing suit under Title VII"); Schrader v. Tomlinson, 311 F.Supp.2d 21, 26 (D.D.C. 2004) (federal employees are required as a prerequisite to filing a Title VII suit to exhaust administrative remedies); Gillet v. King, 931 F.Supp. 9, 12-13 (D.D.C.1996) (dismissing the plaintiff's Title VII claim because he failed to exhaust his administrative remedies).

[7] An Order consistent with this Court's Memorandum Opinion shall be filed contemporaneously herewith.